In the Matter of MELVYN KREINES, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 27, 1992

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Chris G. McDonough* of counsel), for petitioner.

*McMillan, Rather, Bennett & Rigano, P. C. (James B. Rather* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained a charge of

professional misconduct alleged against the respondent. The petitioner has moved to confirm the report of the Special Referee.

The charge against the respondent alleged that the respondent was convicted of a serious crime as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b). Two informations were filed in the Police Court of the City of Albany on or about June 6, 1990, naming the respondent as defendant. The informations accused the respondent of violating Tax Law § 1801 (a), a misdemeanor, in that the respondent, with intent to evade paying taxes, failed to file a New York State tax return for the tax years 1986 and 1987.

On June 6, 1990, the respondent appeared in the Police Court of the City of Albany, before the Honorable Larry Rosen in connection with the charges. The respondent pleaded guilty to one of the informations, in full satisfaction of both informations, and was fined $5,000.

The respondent should have known, in committing the aforesaid acts, that he was guilty of professional misconduct within the meaning of 22 NYCRR 691.2.

After reviewing all of the evidence, we find that the Special Referee properly sustained the charge of professional misconduct. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent, including that he subsequently filed and paid all New York State taxes due and that his misconduct did not involve misuse of client's funds or any other betrayal of a client's trust. Accordingly, the respondent is censured for his professional misconduct.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and EIBER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Melvyn Kreines, is hereby censured for his professional misconduct.